**UNITED STATES of America, Plaintiff–Appellant,**

v.

**CITY OF RANCHO PALOS VERDES, Defendant–Appellee.**

No. 87–5197.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 5, 1988.

Decided March 9, 1988.

**330**

John A. Bryson, Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Michael J. Lightfoot and Stephen B. Sadowsky, Los Angeles, Cal., for defendant-appellee.

Before CANBY and WIGGINS, Circuit Judges, and LOVELL,* District Judge.

LOVELL, District Judge:

The question of first impression here before the court is whether the City of Rancho Palos Verdes (hereinafter "City") is a "person" under the Endangered Species Act (hereinafter "ESA"), 16 U.S.C. § 1531 et seq. This court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. 3731. The Court of Appeals interprets de novo statutory provisions of the ESA. *Enos v. Marsh,* 769 F.2d 1363, 1367 (9th Cir.1985).

By information filed on April 2, 1987, City was charged with the misdemeanor of unlawful taking of an endangered species, the Palos Verdes Blue Butterfly, in violation of Title 16, United States Code, Sections 1538(a)(1)(B), 1538(g) and 1540(b)(1). The United States District Court for the Central District of California granted City's motion to dismiss the information concluding that City, a municipal corporation and a political subdivision of the State of California, was not a "person" as defined in the ESA.

In construing a statute in a case of first impression the court must look first to the language of the statute itself and then to the legislative history. *Consumer Prod-*

uct *Safety Commission v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *United States v. Dadanian,* 818 F.2d 1443, 1448 (9th Cir. 1987); *Funbus Systems, Inc. v. State of Cal. Public Utilities Commission,* 801 F.2d 1120, 1125–26 (9th Cir.1986).

The ESA defines "person" as:

an individual, corporation, partnership, trust, association, or any other private entity, or any officer, employee, agent, department, or instrumentality of the Federal Government, of any State or political subdivision thereof, or of any foreign government.

16 U.S.C. § 1532(13). The specific language at issue is "... instrumentality ... of any State or political subdivision thereof, ..." *Id.*

A municipal corporation is a political subdivision of a state. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *United States v. State of Alabama,* 791 F.2d 1450, 1456 (11th Cir.1986); *Colorado River Indian Tribes v. Town of Parker,* 776 F.2d 846, 848 (9th Cir.1985). Both Appellant and Appellee agree that City is a "political subdivision" of the State of California. Appellant argues, however, that City should also be considered an "instrumentality" of the State and, as such, come within the meaning of "person."

The District Court, in looking to the language of the statute, saw a redundancy and concluded that a municipal corporation could not be considered both an "instrumentality" and a "political subdivision" within this definition. This court agrees. To construe "person" as including a municipal corporation renders the language logically inconsistent.

The ESA includes both civil and criminal penalties for any violations. 16 U.S.C. § 1540. If the language of a criminal statute is unambiguous, and if Congress has not clearly expressed a contrary intent the Court of Appeals will regard that language as conclusive. *United States v. Schwartz,* 785 F.2d 673, 679 (9th Cir.), *cert. denied*

---

* Honorable Charles C. Lovell, United States District Judge, District of Montana, sitting by desig-    nation.

—— U.S. ——, 107 S.Ct. 290, 93 L.Ed.2d 264 (1986).

The Endangered Species Conservation Act of 1969 defined "person" to mean "any individual, partnership, corporation, or association." Endangered Species Conservation Act of 1969, Section 1(4), Pub.L. No. 91–135, 83 Stat. 275. The passage of the ESA in 1973 broadened the definition of person by adding "any officer, employee, agent, department, or instrumentality of the Federal government, of any State or political subdivision thereof or any foreign government" to include public as opposed to just private entities. It is evident that Congress intended to strengthen the ESA by broadening the scope of its coverage. However, the legislative history does not give any clear indication that municipal corporations were either included in or excluded from the definition of "person."

Our task is to give to the words of the statute their plain meaning. We have done this. If Congress intended a different construction, the statute is easily amended. In the interim enforcement is not lost since any municipal corporation can only act through its officers, employees, agents, departments or instrumentalities, all of whom are clearly subject to prosecution under the ESA. The District Court is affirmed.